IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANITA M. HASS,                        )
                                      )
                Plaintiff,            )    Case No. 06-758-HO
                                      )
                v.                    )    ORDER
                                      )
Commissioner of Social Security,      )
                                      )
                Defendant.            )
_____)

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's applications for supplemental security income disability benefits and for disability insurance benefits.  Plaintiff asserts disability beginning December 28, 1998, due to depression, poor memory, medication side effects, loss of concentration, and confusion.  Tr. 54, 63.  After a hearing, the administrative law

1 - ORDER

judge (ALJ) determined that plaintiff is not disabled.

Plaintiff contends the ALJ erred in failing to include his own findings concerning plaintiff's non-exertional impairments in his hypothetical question to the vocational expert. Consequently, plaintiff contends the vocational expert's listing of jobs plaintiff could perform is not supported by substantial evidence. Plaintiff contends that the vocational expert opined plaintiff would be unemployable if the additional limitation is included.

Because of plaintiff's severe impairment of depression, the ALJ found plaintiff to have moderate limitations in her ability to maintain concentration, persistence and pace. Tr. 17. The ALJ asked the vocational expert to

> assume an individual age 43 with a GED and additional college work, with experiences indicated by you. If we were to assume a light residual functional capacity with no physical limitations and mental limitations with regard to simple instructions and tasks, would the individual be capable of performing her past relevant work.

Tr. 348-49. The vocational expert responded that such a person would not be able to perform plaintiff's past relevant work, but there would be other jobs such a person could perform. Tr. 349.

The Commissioner argues that this hypothetical was complete because the ALJ included mental limitations with regard to simple instructions and tasks which captures plaintiff's deficiencies in the areas of concentration, persistence, and pace. However, follow up questions to the vocational expert reveals that moderate limitations in this area may not have been accounted for in the opinion that

2 - ORDER

plaintiff could perform other work.

Plaintiff's counsel asked the vocational expert

[I]f somebody, because of depression, ... their ability to concentrate and stay on task would vary just from day-to-day from mild to a marked level, would that affect their ability to keep any of the jobs....

Tr. 350.  The vocational expert replied that

if the concentration and attention level strayed into the moderate to marked level for a significant period of time, the result would probably be a diminution of an individual's productivity.  And if the productivity fell significantly it would be likely that the person wouldn't be able to maintain employment.

Tr. 350.

It is not clear from the record if the ALJ's finding regarding moderate limitations in plaintiff's ability to maintain concentration, persistence and pace did not involve limitations in productivity but rather only related to a limitation to repetitive work requiring only simple 1-2-3 step instructions. Compare Tr. (17 moderate limitations in concentration, persistence and pace) with Tr. 18 (ALJ finds plaintiff limited to simple 1-2-3 step instructions); It does appear, however, that the vocational expert only understood the limitations imposed by the ALJ to relate to the simplicity of the work rather than the ability to concentrate and maintain pace. Tr. 349 (vocational expert understands the ALJ's limitation as simple tasks that don't involve multi-step procedures).  The vocational expert's response to the ALJ's questioning does not consider limitations with concentration and pace and consequent limitations on

3 - ORDER

productivity.   As noted, above such limitations may preclude work.
It is not clear from the record if plaintiff's limitations in ability
to maintain concentration, persistence and pace preclude work because
the vocational expert opined that if concentration "strayed into the
moderate <u>to marked</u> level," productivity may fall to levels of
unemployability.  Tr. 350 (emphasis added).  The ALJ found plaintiff
to have "<u>moderate</u> limitations in her ability to maintain
concentration, persistence and pace."  Tr. 17 (emphasis added).

The decision whether to remand a case for additional evidence,
or simply to award benefits is within the discretion of the court."
<u>Sprague v. Bowen</u>, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing <u>Stone
v. Heckler</u>, 761 F.2d 530 (9th Cir. 1985)).  Remand is appropriate
where further proceedings would be likely to clear up defects in the
administrative proceedings, unless the new proceedings would simply
serve to delay the receipt of benefits and are unlikely to add to the
existing findings.  <u>McAllister v. Sullivan</u>, 880 F.2d 1086 (9th Cir.
1989).

The ALJ improperly explained his finding regarding plaintiff's
moderate limitations in concentration, persistence and pace and
neglected such limitations in his hypothetical to the vocational
expert.  Morever, it is not clear from the record that accepting the
ALJ's own finding that "the evidence does show moderate limitations
in [plaintiff's] ability to maintain concentration, persistence and
pace" would preclude all work.  Accordingly, a remand is necessary to

resolve these defects in the record.

CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings to address the deficiencies noted above.

DATED this ___14th___ day of ____May____, 2007.

s/ Michael R. Hogan<br>UNITED STATES DISTRICT JUDGE

5 - ORDER